ABRAM STITES' EX'R *v.* WM. HOWELLS, ETC.

**Court Commissioners—Proceeding Against Administrator of Commissioner.**

Although a court commissioner may be compelled to make proper payments by rule and attachment, as he is an officer of the court, this is not the rule as to the personal representative of the commissioner, since the personal representative is not an officer of the court, and must be proceeded against by action.

**Executors and Administrators—Proceeding Against.**

Where a deceased court commissioner failed to make proper payments, his legal representative can be proceeded against only in the same manner as is employed for the collection of debts from personal representatives.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

September 27, 1873.

OPINION BY JUDGE LINDSAY:

It is not pretended that Abram Stites had in his possession at the time of his death any portion of the identical moneys received by him as commissioner in the case of *Howell's Heirs v. Howell's Adm'r and Heirs.* If, therefore, he failed to account for all funds so received in obedience to the orders and judgment of the court, he was to the extent, he so failed, indebted to the parties' intestate as the officer of the court, and might have been compelled to make the proper payments by rule and attachment. It is different, however, with his personal representative; none of appellee's money came into his hands. He is not and was never the officer of the court. Appellees' right to proceed against him, if at all, is as creditors of his intestate and, although it may be that their claims, if established, would be preferred, yet, they must be established and collected in accordance with the rules prescribed by law for the collection of other debts from personal representatives. As the administrator was not an officer of the court, nor in any sense a party to the suit in chancery, he could only be proceeded against by action, and this being done by amendment to the pleadings in the chancery proceeding, or by an original suit, he is entitled to have appellees' claims properly proved and verified, and the demand prescribed by statute made, before being sued at all.

The court below erred in holding the response of appellees sufficient. It should have been adjudged insufficient, the rule made absolute and the amended pleading making appellant a party defendant filed October 11, 1866, should have been dismissed.

This conclusion renders it unnecessary that the remaining questions presented in the agreements of counsel shall be considered.

Judgments reversed and cause remanded for proceedings herein indicated.

*Stites, James, Bullitt, Roberts, for appellants.*

*Dabney, Winfree, for appellees.*